UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LUIS JIMENEZ, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | C.A. No. 17-30177-MGM |
| | * | |
| CHRISTOPHER DONELAN and | * | |
| CHRISTOPHER CRONEN, | * | |
| | * | |
| Respondents. | * | |

## SERVICE ORDER

MASTROIANNI, D.J.

On December 15, 2017, petitioner Luis Jimenez, an immigration detainee currently confined at the Franklin County Jail, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Petitioner seeks immediate release on the ground that his removal to Cuba is not reasonably foreseeable. He names as respondents Franklin County Sheriff Christopher Donelan, and Christopher Cronen, Field Office Director for Detention and Removal, Boston Field Office, Bureau of Immigration and Customs Enforcement.

ACCORDINGLY, this Court hereby orders that:

1. Respondent Christopher Donelan is the only proper respondent. *See Rumsfeld v. Padilla*, 542 U.S. 426, 439 (2004) (immediate custodian of petitioner is proper respondent in habeas action); *Vasquez v. Reno*, 233 F.3d 688, 696 (1st Cir. 2000)(same, as applied to immigration detainee). Respondent Christopher Cronen is dismissed from the action.

2. The Clerk of this Court shall serve a copy of the Petition upon (i) Christopher Donelan; and (ii) the United States Attorney for the District of Massachusetts.

3.      Respondent Donelan shall, no later than Friday, January 5, 2018, show good cause why the Petition should not be granted.  In addition to any other argument or information Respondent Donelan deems relevant, Respondent Donelan shall, in his response, inform the Court of (i) the existence of and status of any repatriation agreement between the United States and Cuba; (ii) whether any such agreement permits the repatriation of Petitioner to Cuba; and (iii) the status of Respondent Donelan's efforts to repatriate Petitioner to Cuba.

4.      In order to give the Court time to consider the matter, unless otherwise ordered by the Court, Petitioner shall not be moved outside the District of Massachusetts without providing the Court 48 hours' advance notice of the move and the reason therefor.  Any such 48-hour notice period shall commence at the date and time such notice is filed and expire 48 hours later, except "[i]f the period would end on a Saturday, Sunday, or legal holiday, the period continues to run until the same time on the next day that is not a Saturday, Sunday, or legal holiday."  Fed. R. Civ. P.  6(a)(2)(C).

IT IS SO ORDERED.

  __12/15/2017_____                       __/s/ Mark G. Mastroianni_____ ___
DATE                                       UNITED STATES DISTRICT JUDGE